OPINION
Defendant, John Nelson, appeals from his convictions and sentences for assaulting police officers and paramedics and for disorderly conduct.
On the night of October 17, 1999, Urbana police officer Kip Michael responded to a call concerning a fight just a block from the police station, near the Little Nashville bar. Upon arrival, Officer Michael encountered Defendant, John Nelson, who was bleeding from the nose and had a cut on his head. He was intoxicated and in an agitated state. Defendant indicated that he had gotten into a fight.
Officer Michael learned at the scene that Defendant assaulted another man. Officer Michael took Defendant into custody pending further investigation, and requested that Officer Cordial, who had arrived at the scene to assist, transport Defendant to the police station. After questioning witnesses at the scene, Officer Michael returned to the police station, intending to charge Defendant with assault.
Officer Michael met Officer Cordial and Defendant near the holding cell area. Defendant was becoming loud and verbally abusive. After being placed in the holding cell, Defendant began banging his head on the door and windows, producing self-inflicted injuries. Paramedics were summoned and a decision was made to transport Defendant to the emergency room at Mercy Hospital. Defendant became very combative and assaulted three police officers and two paramedics on the way to the hospital.
Defendant was indicted on five counts of Assault on a Police Officer or Paramedic, R.C. 2903.13(A), (C)(3), one count of Criminal Damaging, R.C.2909.06(A)(1), and one count of Obstructing Official Business, R.C.2921.31(A). The charges were tried before a jury. At the conclusion of trial the court dismissed the criminal damaging and obstructing official business charges. The jury found Defendant guilty as charged on four counts of assault. On the fifth count of assault, the jury found Defendant guilty of the lesser included offense of disorderly conduct. The trial court sentenced Defendant to consecutive terms of imprisonment totaling five years and eight months.
 FIRST ASSIGNMENT OF ERROR DEFENDANT-APPELLANT'S ARREST AND CONVICTIONS FOR ASSAULT ON A POLICE OFFICER VIOLATES THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION AS FULL CUSTODIAL ARREST WAS MADE FOR A MINOR MISDEMEANOR.
Defendant claims that his initial custodial arrest at the scene by Officer Michael for disorderly conduct was unlawful because, absent certain exceptions not applicable here, police are not permitted to conduct a custodial arrest for a minor misdemeanor offense. Defendant further claims that "but for" his unlawful custodial arrest, his subsequent conduct at the jail which gives rise to these charges would not have occurred. Thus, Defendant argues that these charges and the evidence concerning his conduct at the jail are "fruits of an illegal arrest," and must be suppressed.
We note that Defendant did not file a motion to dismiss these charges or a motion to suppress the evidence relating thereto. In other words, the issue about which Defendant now complains was never brought to the attention of the trial court. Accordingly, Defendant's failure to object waives any error involved, absent the existence of plain error. State v. Moreland (1990), 50 Ohio St.3d 58, 62. Plain error does not exist unless it can be said that but for the error, the outcome of the trial clearly would have been different. State v. Long (1978), 53 Ohio St.2d 91.
R.C. 2935.26 provides in part:
 (A) Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:
 (1) The offender requires medical care or is unable to provide for his own safety.
 (2) The offender cannot or will not offer satisfactory evidence of his identity.
(3) The offender refuses to sign the citation.
 (4) The offender has previously been issued a citation for the commission of that misdemeanor and has failed to do one of the following:
(a) Appear at the time and place stated in the citation;
(b) Comply with division (C) of this section.
In State v. Jones (2000), 88 Ohio St.3d 430, the Ohio Supreme Court stated:
 Absent one or more of the exceptions specified in R.C. 2935.26, a full custodial arrest for a minor misdemeanor offense violates the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, and evidence obtained incident to such an arrest is subject to suppression in accordance with the exclusionary rule.
Syllabus.
In arguing that his initial arrest by Officer Michael was illegal, Defendant states that he was originally arrested by Officer Michael for disorderly conduct, a minor misdemeanor. A review of this record does not support that claim.
After his brief on the scene investigation, Officer Michael quickly determined that Defendant had been involved in a fight and that he may have assaulted another person. Officer Michael decided to take Defendant into custody pending further investigation. After questioning witnesses at the scene, Officer Michael went to the police station where Defendant had been taken, intending to charge Defendant with assault. Officer Michael did not indicate that he at any time contemplated charging Defendant with disorderly conduct.
To the extent Defendant was taken into custody by Officer Michael for assault, that offense is a misdemeanor of the first degree, R.C. 2903.13, and therefore does not fall within the prohibition against arrest for a minor misdemeanor set out in R.C. 2935.26. A custodial arrest for assault is lawful.
Even assuming arguendo that Defendant's original arrest at the scene by Officer Michael was illegal, in cases where an accused has responded to an illegal arrest by physically attacking the officer, courts have held that evidence of this new, independent crime is admissible. See State v. Barnes (December 5, 1997), Montgomery App. No. 16434, unreported. In such cases, no exploitation of the prior illegality by police is involved. Id.
The fruit of the poisonous tree doctrine has not been applied by courts to all fruits in a "but for" fashion. Id. The conduct of Defendant subsequent to his arrest in assaulting police officers and paramedics at the police station, which is what Defendant seeks to have suppressed, are new, independent acts of willful misconduct which involve no exploitation by police of his earlier arrest. Defendant's criminal conduct at the police station is completely separate from the offenses police were investigating when they originally arrested Defendant. The rationale behind the exclusionary rule simply does not reach that far to bar evidence of this new crime. Barnes, supra.
With respect to Defendant's claim that the evidence concerning these charges must be suppressed as fruits of his illegal arrest, no error, much less plain error, has been demonstrated.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR TRIAL COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS ANY EVIDENCE RESULTING FROM DEFENDANT-APPELLANT'S INITIAL CUSTODIAL ARREST RESULTED IN INEFFECTIVE ASSISTANCE OF COUNSEL.
Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984), 466 U.S. 668. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that, were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989), 42 Ohio St.3d 136.
Defendant claims that the failure of his defense counsel to file a motion to suppress evidence of his assaultive conduct at the police station as fruits of his illegal arrest constitutes ineffective assistance of counsel.
The failure to file a motion to suppress evidence does not per se constitute ineffective assistance of counsel. State v. Ford (May 17, 1996), Montgomery App. No. 15374, unreported. To the contrary, the burden remains upon Defendant to demonstrate both deficient performance by counsel, and resulting prejudice. Strickland v. Washington (1984),466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136.
In overruling Defendant's first assignment of error, we noted that the record does not support Defendant's assertion that he was originally arrested for a minor misdemeanor offense. Rather, it appears that Defendant was initially taken into custody for assault, stemming from his participation in a fight. A custodial arrest for that first degree misdemeanor is permissible. We also observed that, even assuming arguendo that Defendant's initial arrest was illegal, his subsequent conduct in attacking police officers and paramedics at the police station constitutes a new, independent offense which does not involve any exploitation by police of his earlier illegal arrest, and therefore is not subject to suppression as "fruit of the poisonous tree."
Defendant has failed to demonstrate any reasonable basis for filing a motion to suppress, or that such a motion, if filed, would have had any reasonable likelihood of success. Accordingly, no deficient performance by defense counsel in failing to file a motion to suppress has been demonstrated. Ineffective assistance of counsel has not been shown.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
 _______________ GRADY, J.
BROGAN, J. and YOUNG, J., concur.